NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 8 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50336 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00834-JAK-1 |
| v. | |
| MATTHEW TAYLOR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted May 4, 2015[**]
Pasadena, California

Before: FISHER, BEA, and FRIEDLAND, Circuit Judges.

Matthew Taylor appeals his conviction for one count of wire fraud, 18

U.S.C. § 1343, one count of possession of stolen property, 18 U.S.C. § 2315, two

counts of tax evasion, 26 U.S.C. § 7201, and one count of structured money

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

transactions, 31 U.S.C. § 5324(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

Taylor argues there was insufficient evidence to support his convictions for wire fraud, possession of stolen property, and tax evasion.  Viewing the evidence in the light most favorable to the prosecution, the jury could reasonably conclude that the prosecution proved the elements for each of the counts beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

## II.

Next, Taylor challenges the consequences of his having been found to have engaged in structuring.  First, he argues that his due process rights were violated when the district court revoked his pretrial release after it found probable cause that he had committed the crime of structuring, and when it enhanced his sentence because he had committed the crime of structuring while on pretrial release, 18 U.S.C. § 3147.  Taylor also contends the forfeiture of his bail based on his commission of structuring violated the Eighth Amendment.  Taylor argues that these consequences cannot arise out of a strict liability crime.  His premise is false, however, because structuring is a specific intent crime: a defendant must act "for the purpose of evading . . . reporting requirements."  31 U.S.C. § 5324(a); *see also United States v. Del Toro-Barboza*, 673 F.3d 1136, 1144 (9th Cir. 2012) (stating

2

that § 5324(c), which has the same mens rea language as § 5324(a), is a specific intent crime).

Second, Taylor argues that the revocation of his pretrial release prevented him from preparing for trial, in violation of the Sixth Amendment. The district court properly ensured that Taylor had access to his attorneys and means to review evidence in preparation for trial, and Taylor has not identified any impediment that violated his constitutional rights.

### III.

Taylor also challenges two of the district court's evidentiary rulings. First, he argues that the district court's refusal to allow him to introduce evidence regarding the Malherbe painting, which he offered to rebut the government's Rule 404(b) evidence, prevented him from presenting a defense. Even if the Malherbe painting may have been in Taylor's possession in June 2004, this fact did not disprove that he had separately stolen the Mertz painting. Because the Malherbe painting evidence did not rebut either the prior bad act or the charged conduct, was not proper impeachment by contradiction evidence, and would likely have confused the jury, the district court properly excluded it. *See United States v. Kincaid-Chauncey*, 556 F.3d 923, 934 (9th Cir. 2009), *abrogated on other grounds by Skilling v. United States*, 561 U.S. 358 (2010).

Second, Taylor argues that the district court erred by failing to instruct the

jury not to place undue emphasis on a statement the court read back during deliberations. Even if the district court erred by failing to provide a no-undue-emphasis instruction, the error did not affect Taylor's substantial rights, because the record contains ample other evidence from which the jury could have found that Taylor intended to evade the reporting requirements. *See United States v. Stinson*, 647 F.3d 1196, 1217-18 (9th Cir. 2011) (holding that, regardless of whether allowing a read back was an error, it did not affect the defendant's substantial rights because there was sufficient other evidence on the point at issue).

**IV.**

Finally, we reject Taylor's contentions of error in sentencing. First, because there was sufficient evidence proving Taylor had earned the income in question, the court did not err in calculating the tax loss amount based on this income.

Second, the district court properly applied the sophisticated means adjustment. Evidence adduced at trial showed Taylor used accounts named after well-known corporations, despite having no affiliation with those corporations, to make it more difficult to track the proceeds of the charged conduct.

Third, the district court properly applied the three-level enhancement for committing a crime while on pretrial release. *See* U.S. Sentencing Guidelines Manual § 3C1.3. Contrary to Taylor's assertion, this enhancement does not duplicate the penalty provision in 18 U.S.C. § 3147 because § 3C1.3 merely

4

implements § 3147 and must be applied if § 3147 is triggered.  *See* U.S.

Sentencing Guidelines Manual § 3C1.3 cmt n.1.

Fourth, the district court did not abuse its discretion in setting the restitution

amounts.  *See United States v. Anderson*, 741 F.3d 938, 951 (9th Cir. 2013).  The

district court properly calculated the amount of restitution owed to the IRS because

the government proved Taylor had earned the income in question.  The district

court properly set a restitution amount of $20,000 for the Lucien Frank painting,

which is the amount the gallery would have received in a sale.  *See* 18 U.S.C.

§ 3663(b) ("The [restitution] order may require that [a] defendant . . . pay an

amount equal to . . . the value of the property on the date of the damage, loss, or

destruction."); *United States v. Smith*, 944 F.2d 618, 625 (9th Cir. 1991) ("Value

should therefore be measured by what the financial institution would have received

in a sale as of that date.").

Finally, the sentence was substantively reasonable.  *See United States v.*

*Treadwell*, 593 F.3d 990, 1011-12 (9th Cir. 2010).

**AFFIRMED.**